An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

HERBERT STANLEY OLSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65603

FILED

JAN 15 2015

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of transporting a controlled substance and possession of a controlled substance for sale. Sixth Judicial District Court, Humboldt County; Richard Wagner, Judge.

First, appellant argues that NRS 453.321 is unconstitutionally vague and ambiguous and that the word "transport" as used in the statute does not put a person on notice of what conduct is prohibited. We disagree. A statute is void for vagueness "if it fails to sufficiently define a criminal offense such that a person of ordinary intelligence would be unable to understand what conduct the statute prohibits." *Nelson v. State*, 123 Nev. 534, 540, 170 P.3d 517, 522 (2007). NRS 453.321(1)(a) states that, except as authorized by other sections of the Uniform Controlled Substances Act, it is unlawful to "[i]mport, transport, sell, exchange, barter, supply, prescribe, dispense, give away or administer a controlled or counterfeit substance." We conclude that the term "transport," when considered in the context of the statute, is not unconstitutionally vague. *See Nelson*, 123 Nev. at 540-41, 170 P.3d at 522 ("[A] statute will be deemed to have given sufficient warning as to proscribed conduct when

15-01613

the words utilized have a well settled and ordinarily understood meaning when viewed in the context of the entire statute." (internal quotation marks omitted)).

Second, appellant argues that his convictions must merge for purposes of sentencing because transporting a controlled substance cannot be committed without possession of the controlled substance for sale. We disagree. To prove transporting a controlled substance, NRS 453.321 required the State to demonstrate that appellant transported the marijuana, whereas NRS 453.337 required the State to demonstrate that appellant possessed the marijuana with the intent to sell it. Because neither statute expressly prohibits multiple convictions, *see* NRS 453.321; NRS 453.337, and each offense requires proof of an element that the other does not, merger of the convictions was not required. *See Jackson v. State*, 128 Nev. ___, ___, 291 P.3d 1274, 1278-79 (2012).

Third, appellant argues that insufficient evidence supported his conviction for possession of a controlled substance for sale because his testimony contradicted the testimony of the police officers and there was no physical evidence of his intent to sell. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Here, the State presented evidence that, during a traffic stop, police officers found approximately a pound of marijuana separated into 18 individual bags in a cooler in appellant's car. The officers testified that appellant told them that he was on his way to Elko where the marijuana would be sold. We conclude that the jury could reasonably infer from the

evidence presented that appellant had the intent to sell the marijuana. *See* NRS 453.337. Although appellant testified that the marijuana was for his own personal use and that he never told the police that he intended to sell the marijuana, it was for the jury to assess the weight and credibility of the evidence. *See Buchanan v. State*, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003). The verdict will not be disturbed on appeal, where, as here, substantial evidence supports appellant's convictions. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Fourth, appellant argues that the prosecutor committed misconduct during closing argument by referring to facts that were not in evidence. Specifically, appellant contends that the prosecutor improperly discussed who had taken the photographs of the traffic stop location and stated that the prosecution could not disclose the results of the search warrant executed at appellant's house. Our review of the record reveals that, in both instances, the prosecutor's comments were made in the context of objecting to appellant's references to facts that were not in evidence. We conclude that any misconduct was harmless in light of the evidence presented and the district court's instructions to the jury to disregard arguments about facts that were not in evidence. *See Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008) (explaining that errors that are not of a constitutional nature do not warrant reversal unless they "substantially affect[ed] the jury's verdict").

Finally, appellant argues that the district court abused its discretion during closing argument when it prevented appellant from arguing about the definition of "transport" and from making further comments about the execution of a search warrant at his house. We conclude that the district court did not abuse its discretion by sustaining

the State's objection to appellant's misstatement about the meaning of "transport" and by limiting appellant's discussion of facts that were not introduced into evidence. *See Glover v. Dist. Ct.*, 125 Nev. 691, 704, 220 P.3d 684, 693 (2009) (stating that the district court has wide discretion respecting the latitude allowed counsel in closing arguments).

Having considered appellant's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.



_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Richard Wagner, District Judge
Evenson Law Office
Attorney General/Carson City
Humboldt County District Attorney
Humboldt County Clerk